UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONALD GARVER,

                Petitioner,

    -vs-

SUPERINTENDENT
ONEIDA CORRECTIONAL FACILITY

              Respondent.

**DECISION AND ORDER**
**No. 10-CV-6142T**

_____

## I.   Introduction

*Pro se* Petitioner Donald Garver("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered November 18, 2008, in New York State, Supreme Court, Monroe County, convicting him, upon a plea of guilty, of three counts of Burglary in the Second Degree.  Petitioner was subsequently sentenced to a six year term of imprisonment.

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II.  Factual Background and Procedural History

On November 18, 2008, Petitioner was convicted, upon a plea of guilty, to three counts of second degree burglary.  He was subsequently sentenced, as promised, to a six year term of imprisonment.  See Pet. ¶¶ 3, 4; Resp't Answer ¶¶ 2, 3.

Petitioner did not move to withdraw his guilty plea and did not pursue a direct appeal of his conviction.[1]  See Pet. ¶ 8; Resp't Answer ¶¶ 2, 6.

On or about June 19, 2009, Petitioner moved, pursuant to N.Y. Crim. Proc. Law ("CPL") § 440.10, to vacate his judgment of conviction. See Resp't App. A.  On July 29, 2009, by letter decision, the Monroe County Supreme Court denied Petitioner's motion. See Resp't App. C.  Leave to appeal was denied. See Resp't App. F.

On or about March 17, 2010, Petitioner filed the instant habeas corpus petition, seeking relief on the following grounds: (1) various Fourth Amendment violations;[2] and (2) ineffective assistance of trial counsel. See Pet. ¶ 12A-B (Dkt. No. 1); Traverse [Tv.] at 3-4 (Dkt. No. 9).

On or about March 2, 2011, Petitioner filed a motion to transfer to a different correctional facility. Dkt. No. 11. That motion is not properly the subject of this § 2254 petition. The Supreme Court has stated that:

---

[1]

Because Petitioner did not pursue a direct appeal of his conviction, the minutes of his guilty plea and sentencing were not transcribed. See Resp't Answer at ¶ 6.

[2]

In his habeas petition, Petitioner lists ground one as "prosecutorial misconduct." Pet. ¶ 12A. However, the "summary of facts and supporting grounds" Petitioner supplies to the Court in conjunction with this claim sets forth a series of Fourth Amendment violations. Accordingly, the Court construes this claim as a Fourth Amendment claim and hereinafter refers to it as such.

> Federal law opens two main avenues to relief
> on complaints related to imprisonment: a
> petition for habeas corpus, 28 U.S.C. § 2254,
> and a complaint under the Civil Rights Act of
> 1871, Rev. Stat. § 1979, as amended, 42 U.S.C.
> § 1983. Challenges to the validity of any
> confinement or to particulars affecting its
> duration are the province of habeas corpus,
> Preiser v. Rodriguez, 411 U.S. 475, 500
> (1973); requests for relief turning on
> circumstances of confinement may be presented
> in a § 1983 action.

Muhammad v. Close, 540 U.S. 749, 750 (2004). Petitioner's motion
to transfer to a different correctional facility is not a challenge
to the validity of his confinement. Rather, it regards the
circumstances of his confinement. Accordingly, Petitioner's motion
to transfer to a different correctional facility (Dkt. No. 11) is
denied.

## III. General Principles Applicable to Habeas Review

### A.    The AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act
("AEDPA"), a federal court may grant habeas relief to a state
prisoner only if a claim that was "adjudicated on the merits" in
state court "resulted in a decision that was contrary to, or
involved an unreasonable application of, clearly established
Federal law, as determined by the Supreme Court of the United
States," 28 U.S.C. § 2254(d)(1), or if it "was based on an
unreasonable determination of the facts in light of the evidence
presented in the state court proceeding." § 2254(d)(2).  A state

court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not dicta) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to

suggest judicial incompetence." <u>Francis S. v. Stone</u>, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct.  The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1);  <u>see also</u> <u>Parsad v. Greiner</u>, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), <u>cert. denied sub nom.</u> <u>Parsad v. Fischer</u>, 540 U.S. 1091 (2003).  A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003).

**B.  Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A);  <u>see, e.g.</u>, <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 843-44 (1999);  <u>accord, e.g.</u>, <u>Bossett v. Walker</u>, 41 F.3d 825, 828 (2d Cir.1994), <u>cert. denied</u>, 514 U.S. 1054 (1995).  "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." <u>Daye v. Attorney General</u>,

696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

## IV.  Petitioner's Claims

### 1.   Ground One - Fourth Amendment Violations

In ground one of the petition, Petitioner argues, as he did in his motion for vacatur, that:  his vehicle was stopped without probable cause; his vehicle was searched and property seized without a warrant; that information recited in an application for a warrant permitting the installation of a global positioning device on his vehicle following the search and seizure of his vehicle "conflicted" with statements of others;  and that "data from the G.P.S." was used against him "to induce a plea of guilty." See Pet. ¶ 12A, Attach. at 1-2 (pages unnumbered in original); Tv. at 3.  The Monroe County Supreme Court rejected this claim on the merits.  See Resp't App. C.  As discussed below, this claim provides no basis for habeas relief.

By voluntarily pleading guilty,[3] Petitioner forfeited his right to challenge the afore-mentioned Fourth Amendment issues in the instant proceeding.  See Tollett v. Henderson, 411 U.S. 258,

---

[3]    As the Court understands Petitioner's pleadings, he does not challenge the voluntariness of the plea itself.  Rather, he takes issue with various matters that occurred prior to and ultimately resulted in the entry of his guilty plea. The Court points out that even if Petitioner did challenge the voluntariness of the plea itself, the Court would be unable to review that claim as a result of Petitioner's failure to move to withdraw his plea in the state trial court and his subsequent failure to pursue state appellate review of the claim.

267 (1973) ("When a criminal defendant has solemnly admitted in
open court that he is in fact guilty of the offense with which he
is charged, he may not thereafter raise independent claims relating
to the deprivation of constitutional rights that occurred prior to
the entry of the guilty plea."); United States v. Lebowitz, 877
F.2d 207, 209 (2d Cir. 1989) ("The settled rule is that a defendant
who knowingly and voluntarily enters a guilty plea waives all
nonjurisdictional defects in the prior proceedings."); see also
United States v. Sykes, 697 F.2d 87, 89 (2d Cir. 1983) (by pleading
guilty, defendant waived his challenge to the validity of a search
warrant).

Accordingly, this claim, which is based upon alleged Fourth
Amendment violations that occurred prior to the entry of the guilty
plea, provides no basis for habeas relief and is dismissed in its
entirety.

## 2.   Ground Two - Ineffective Assistance of Trial Counsel

In ground two of the petition, Petitioner argues, as he did in
his motion for vacatur, that he received ineffective assistance of
trial counsel based upon counsel's failure to: (1) properly
investigate matters leading to defendant's arrest; and (2) move
the court to suppress evidence that was obtained by the alleged
Fourth Amendment violations set forth at section IV, 1 above. See
Pet. ¶ 12B, Attach. at 2 (pages unnumbered in original); Tv. at 4.

The Monroe County Supreme Court rejected this claim on the merits. See Resp't App. C.  This claim provides no basis for habeas relief.

"A  defendant  who  pleads  guilty  unconditionally  while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea.  'He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards.'" United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) (quoting Tollett, 411 U.S. 258, 267 (1973) (alteration in original)).  As explained by the Second Circuit, "claims of ineffective assistance of counsel relating to events prior to the plea that do not impact the voluntariness of the plea do not survive a guilty plea." Vasquez v. Parrott, 397 F. Supp. 2d 452, 463 n.5 (S.D.N.Y. 2005).  Petitioner's ineffective trial counsel claim alleges that counsel committed errors related to the Fourth Amendment issues set forth above at section IV, 1.  Because the instant claim does not relate to the voluntariness of the plea itself,  the  claim  is  barred  from  review  by  this  Court. Accordingly, Petitioner's ineffective assistance of counsel is dismissed in its entirety.

**V.   Conclusion**

For  the  reasons  stated  above,  the  petition  for  a  writ  of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is denied, and  the  petition  is  dismissed.    Petitioner's  motion  to  be

transferred to a different correctional facility (Dkt. No. 11) is denied. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    July 28, 2011
          Rochester, New York